T.C. Memo. 1996-209


UNITED STATES TAX COURT


ROGER G. AND LILIANNE J. G. MAKI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3797-95.                          Filed April 30, 1996.


Roger G. and Lilianne J. G. Maki, pro sese.

Keith G. Medleau, for respondent.


MEMORANDUM OPINION


DINAN, Special Trial Judge:   This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]   Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $882 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $176.

The issues for decision are: (1) Whether $3,150 of Social Security disability benefits received by petitioners during 1991 constitutes gross income; and (2) whether petitioners are liable for the accuracy-related penalty pursuant to section 6662(a).

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Des Moines, Washington, on the date the petition was filed in this case. Hereinafter, references to petitioner in the singular are to petitioner Roger G. Maki.

In 1991, petitioner received Social Security disability benefits in the amount of $6,299. On their 1991 Federal income tax return, petitioners identified this amount as "Social Security benefits" with an added notation "Disability payments see enclosure" on line 21a of the return; however, the amount was not entered as taxable income on the adjacent line 21b of petitioners' income tax return. Petitioners' adjusted gross income for 1991, without the inclusion of the Social Security disability benefits, was $53,321.

Petitioner contends that his Social Security disability benefits are not taxable. Petitioner's position is based on Form

886-A,[2] involving an audit of petitioners' 1987 tax year.  Form 886-A, was a handwritten statement addressed to petitioners and stated the following:

> The enclosed information indicates that the income is considered taxable Social Security Benefits and not disability payments that are non-taxable.  You will receive a refund for the amount you overpaid if you owe no other taxes.

The Form 886-A was the enclosure referenced on petitioners' 1991 Federal income tax return.  Respondent contends that Social Security disability benefits are taxed pursuant to section 86 and that one-half of the amount received is taxable to petitioner during the year in issue.

The first issue for decision is whether petitioner's Social Security disability payments are taxable pursuant to section 86.  We begin by noting that petitioners have the burden of proving that respondent's determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Before 1984, certain payments made in lieu of wages to an employee who was retired by reason of permanent and total disability were excludable from the employee's gross income under section 105(d).[3]  However, the Social Security Act Amendments of 1983 repealed the limited exclusion of disability payments

---

[2]    Agreement as to Final Determination of Tax Liability.

[3]    Sec. 105(d) was repealed effective for taxable years after 1983 by the Social Security Act Amendments of 1983, Pub. L. 98-21, sec. 122(b), 97 Stat. 85.

provided by section 105(d), effective with respect to taxable years beginning after 1983.[4]  Therefore, since 1984 Social Security disability benefits have been treated in the same manner as other Social Security benefits.  See sec. 86(d)(1).[5]  These benefits are subject to tax under the provisions of section 86. See Ernzen v. United States, 875 F.2d 228 (9th Cir. 1989); Wallers v. United States, 847 F.2d 1279 (7th Cir. 1988); Gibson v. Commissioner, T.C. Memo. 1996-140; Bradley v. Commissioner, T.C. Memo. 1991-578.

Section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code.  Moreover, section 86(a) for the year in issue, provides that gross income includes Social Security benefits in the amount equal to the lesser of : (1) one-half of the Social Security benefits received during the year, or (2) one-half of the excess over certain base amounts.  The base amount for the year in issue for a joint return is $32,000.  Sec. 86(c)(2).

---

[4]  Under sec. 22, an individual who is retired on account of permanent and total disability is allowed a credit equal to 15 percent of the individual's "section 22 amount" for the taxable year.  Based on petitioners' level of income, they do not qualify for the sec. 22 credit for the year in issue.

[5]  Sec. 86(d)(1) defines "Social Security benefit" as amounts received under title 11 of the Social Security Act which includes Social Security disability benefits.

Therefore, we hold that one-half of petitioner's Social Security disability benefits, in the amount of $3,150 is taxable for the year in issue. Sec. 86(a). Petitioners failed to present any evidence contrary to respondent's position. Rule 142(a). Accordingly, respondent is sustained on this issue.

The final issue for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalty. Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence. Respondent determined that petitioners are liable for the accuracy-related penalty imposed by section 6662(a), and that the entire underpayment of tax was due to negligence. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

However, section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted with

reasonable cause and in good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayers' effort to assess their proper tax liability for the year. Id.

Petitioners prepared their 1991 Federal income tax return. Although we found petitioner to be a credible witness, the record fails to establish that petitioners acted with reasonable cause and in good faith in assessing whether petitioner's Social Security disability benefits were taxable. Social Security disability payments have been subject to tax since 1984. The record shows that respondent has challenged petitioner's failure to include his Social Security disability benefits as taxable income in the past. Other than their reliance on the Form 886-A, petitioners offered no proof that they made good faith efforts to assess their proper tax liability.

Based on this record, we conclude that petitioners are liable for the section 6662 accuracy-related penalty.

To reflect the foregoing,

Decision will be entered for respondent.